# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| **QUANTRONIX, INC.**, a Utah corporation,<br><br>Plaintiff,<br><br>v.<br><br>**Data Trak Technologies, Inc.** a Minnesota Corporation, **Data Trak Solutions NA, Inc.**, a Minnesota Corporation, **Wildwood Technology, LLC** a Minnesota Limited Liability Company, **Robert Tessier**, an individual, **Michael Everson**, an individual, **Troy Buchholz,** an individual<br><br>Defendants. | Case No. 0:07-cv-01799-DWF-AJB<br><br>**DECLARATION OF<br>H. DICKSON BURTON<br>IN SUPPORT OF PLAINTIFF'S<br>MEMORANDUM IN SUPPORT OF<br>ITS ATTORNEYS FEES & COSTS<br>RELATING TO THE COURTS<br>ORDER FINDING<br>DEFENDANTS IN CONTEMPT** |

H. DICKSON BURTON hereby declares as follows:

1. I am a shareholder and director of the law firm of TraskBritt, PC and one of the attorneys representing QUANTRONIX, INC. (hereinafter "Quantronix") in this case. I submit this Declaration in support of Quantronix' Petition for Attorneys' Fees and Costs. I have personal knowledge of the facts regarding Plaintiff's legal representation and of the attorneys' fees and other costs described and requested herein.

2. To the best of my knowledge and belief, the attorneys' fees and costs set forth in the Petition for Attorneys' Fees are correctly stated, and were reasonably and necessarily incurred in bringing the motion seeking an Order of Contempt, as well as in

identifying the violations by the defendants of the Permanent Injunction Order in this case. These fees are claimed pursuant to the Court's Contempt Order of January 16, 2008 (Docket 106).

3.  Attached hereto as Exhibit A is a detailed breakdown of time expended by all attorneys and legal support personnel of TraskBritt associated with Quantronix' motion seeking an Order of Contempt, in identifying the violations by the defendants of the Permanent Injunction Order (Docket 67) issued on August 1, 2007 and in preparing this Declaration and Memoranda. The entries range from October 12, 2007 through January 25, 2008. The exhibit shows by initials the provider of the services, description of the service, date of the service, and hours expended in the tasks performed. The hourly rate for each of the providers is set forth on Exhibit A attached hereto. All of these fees were actually incurred and paid by Quantronix pursuant to an agreement that all attorneys and assistants will be billed on an hourly basis. The total amount of fees billed by TraskBritt for all services rendered is $ 49,281.00 and for costs is $ 1,682.21.

4.  In order to determine the amount of fees and costs which should be sought pursuant to the Court's Contempt Order, I reviewed the billing statements of my firm concerning this matter. I removed time entries which were unrelated to these issues, such as those relating solely to discovery or to claim interpretation issues. In some cases, time entries included time both related and unrelated to the contempt issues. In those cases, I reduced the amount of time and the amount billed in a corresponding amount so that the

remaining time entries on Exhibit A and corresponding dollar amounts billed to the client reflects only that time (and dollar amount billed) relating to efforts to confirm apparent violations of the Preliminary Injunction, to inquire as to the Defendants' position and justification of those activities, to prepare the Motion for Contempt and related pleadings and documents, and to prepare and argue the Motion in court. These time entries and dollar amounts do *not* relate to unrelated activities which would have occurred absent the contemptuous activities, such as routine discovery and claim interpretation.

5.  Exhibit A includes time entries beginning on October 12, 2007, because this is when it became apparent, based on a review of documents produced in discovery, that Defendants had been engaged in completing sales of Dimmer units *after* the effective date of the Preliminary Injunction, including through the delivery and installation of Dimmer units.

6.  Time entries from October 12 through November 2, 2007, relate to efforts to follow up on that discovery with a purpose of confirming those apparent violations of the Preliminary Injunction and to inquire as to the Defendants' position and justification of those activities. For example, Defendants took the position that the delivery and installation of the units was *not* in violation of the injunction because orders had been received in July, and therefore the "sales" had taken place before the effective date of the Injunction. Therefore, time entries reflect efforts to obtain additional documents from Defendants relating to these activities, review of those documents, research regarding

what constitutes a "sale," and exchange of correspondence with opposing counsel regarding these issues. Examples of such correspondence which is the subject of some of these time entries are attached as **Exhibits E and G** to the **Declaration of Jeffrey J. Gunn (Docket #87)** filed in support of Quantronix' Motion for Contempt.

7.  The time entries between October 12 and November 2, 2007 would not have been necessary but for Defendants contemptuous activities, *and* Defendants continued refusal to acknowledge those activities as in violation of the Preliminary Injunction.

8.  In addition, attached as Exhibit B are true and correct copies of TraskBritt's costs paid by Quantronix totaling $ 1,682.21, which amounts include my own travel expenses to attend the hearing on January 11, 2008. All such costs are awardable as explained in Quantronix' accompanying Application.

9.  The amount of attorneys' fees provided and costs incurred relating to the Motion for Contempt part of the case, as further described in the Quantronix, Inc.'s Application for Attorney's Fees and Costs submitted herewith, are as follows:

| Attorneys' Fees | Costs | Total |
|---|---|---|
| $ 49,281.00 | $ 1,682.21 | $ 50,963.21 |

I declare under penalty that the foregoing is true and correct.

Dated this \_\_30th\_\_ day of January, 2008.

                                              H. Dickson Burton
                                              TRASKBRITT, P.C.