UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Quantronix, Inc.,  
a Utah corporation,

        Plaintiff,

v.

Data Trak Technologies, Inc.,  
a Minnesota corporation,  
et al.,

        Defendants.

Civil No. 07-1799 (DWF/AJB)

**MEMORANDUM  
OPINION AND ORDER**

_____

Devan V. Padmanabhan, Esq., and Paul J. Robbennolt, Esq., Dorsey & Whitney LLP; and Edgar R. Cataxinos, Esq., H. Dickson Burton, Esq., J. Jeffrey Gunn, Esq., and Krista Weber Powell, Esq., TraskBritt, PC, Counsel for Plaintiff.

Kathryn K. Smith, Esq., and Michael S. Sherrill, Esq., Sherill Law Office; and Mark E. Duea, Esq., and Timothy R. Geck, Esq., Geck & Duea, LLC, Counsel for Defendants.
_____

## INTRODUCTION

This matter is before the Court on a Motion for Attorney's Fees brought by Plaintiff Quantronix, Inc. On January 16, 2008, this Court granted in part and denied in part Quantronix's Motion for a Finding of Contempt. In that Order, the Court ordered Defendants to pay Quantronix its reasonable attorney fees and costs associated with bringing the motion for contempt. Here, Quantronix moves for attorney fees incurred as a result of having brought that motion. For the reasons set forth below, this Court grants in part and denies in part the fees and costs requested.

## BACKGROUND AND DISCUSSION

Quantronix requests $54,548.03 in legal fees and costs related to seeking the Order of Contempt and attempting to obtain Defendants' compliance with the Court's Order dated August 1, 2007.  Specifically, Quantronix seeks $48,065.00 in attorney fees and $1,682.21 in costs incurred by TraskBritt and $4,700.50 in attorney fees and  $100.32 in costs incurred by Dorsey & Whitney.  Pursuant to Federal Rule of Civil Procedure 54, a Court may allow attorney fees and costs through order of the Court.

In calculating reasonable attorney fees, the Court begins by calculating the "lodestar"—the product of the number of hours reasonably expended on the litigation and the reasonable hourly rate at which those hours should be billed.  *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983).  The reasonableness of a fee depends upon a number of factors, including "the plaintiff's overall success; the necessity and usefulness of the plaintiff's activity in the particular matter for which fees are requested; and the efficiency with which the plaintiff's attorneys conducted that activity."  *Jenkins v. Missouri*, 127 F.3d 709, 718 (8th Cir. 1997).

Quantronix provided the Court with affidavits documenting the hours expended in bringing its motion for contempt and the billing rates requested for those services. Defendants challenge Quantronix's request for attorney fees and costs as unreasonable. First, Defendants assert that Quantronix failed to establish the identity of its billing agents and their relevant experience levels.  Specifically, Defendants note that Quantronix merely submitted initials of the individuals who billed time on this matter.  Second, Defendants object to Quantronix having submitted their billing record in a lump sum

format with entries that include a mixture of matters attributable to the contempt motion as well as matters not related to the contempt motion.  Third, Defendants assert that Quantronix's hours should be reduced because they are extraneous, duplicative, and unrelated to the contempt motion.  Thus, Defendants contend that the Court reduce Quantronix's requested attorney fees by forty-five percent.

Quantronix has since submitted the identity, position, experience, and qualifications of the individuals referred to in the billing statement submitted to the Court.  Quantronix notes that "HDB" refers to H. Dickson Burton, a partner-level patent litigator, whose billing rate was $350 per hour; "JJG" refers to J. Jeffrey Gunn, an associate-level patent attorney, whose billing rate was $175 per hour and raised to $195 per hour effective January 1, 2008; "LM" refers to Lloyd Mondragon, a paralegal with approximately twenty-five years of experience, whose billing rate was $130 per hour and raised to $135 per hour effective January 1, 2008; "TJB" refers to Tyler J. Barrett, an associate-level patent attorney, whose billing rate was $155 per hour and raised to $175 per hour effective January 1, 2008; and "JPN" refers to Jason P. Nixon, an associate-level patent attorney, whose billing rate was $155 per hour and raised to $175 per hour effective January 1, 2008.

As to Defendants' assertion that Quantronix's hours should be reduced because of lump sum billing, Quantronix responded by emphasizing that although the text of the entries on the billing statement include notations to matters both related and unrelated to the motion for contempt, Quantronix reduced the amount of time to reflect only that time spent on the motion for contempt.

Considering the experience levels of the individuals on the Quantronix billing statements and the Court's own experience with and knowledge of prevailing rates in this market, the Court finds that the hourly billing rates submitted by Quantronix are reasonable and commensurate with the rates of other attorneys in this area with similar knowledge and practice experience.  *Warnock v. Archer*, 397 F.3d 1024, 1027 (8th Cir. 2005) ("when fixing hourly rates, courts may draw on their own experience and knowledge of prevailing market rates").  However, based on the record before the Court and the Court's consideration of the experience of counsel, the Court finds that the amount of time spent on various matters is excessive in light of the tasks completed.  As a result, the Court finds that a reduction in fees as marked on the attached Exhibit A is warranted.  As delineated in the detailed notations of Exhibit A, the Court finds that an award of $43,738.50 in attorney fees is reasonable in this case.

Quantronix seeks costs totaling $1,782.53.  The Court finds that the requested costs are reasonable.

## CONCLUSION

The Court concludes that Quantronix is entitled to attorney fees and costs as follows:  (1) for TraskBritt, $39,433 in fees and $1,682.21 in costs; and (2) for Dorsey & Whitney, $4305.50 in fees and $100.32 in costs.

Therefore, **IT IS HEREBY ORDERED** that:

1.	Plaintiff's Motion for Attorney's Fees and Costs (Doc. No. 128) is **GRANTED IN PART** and **DENIED IN PART** as follows:  Plaintiff shall recover attorney fees and costs in the amount of $45,521.03.

Dated:  June 18, 2008                              s/Donovan W. Frank
                                                                 DONOVAN W. FRANK
                                                                 Judge of United States District Court